ST. VINCENT COMPANY, INC., Landlord, Appellant, *v.* ANDREW FRANK, Tenant, Respondent, and BILL VASSILAKOS and HARRIS PAPPADAKIS, Undertenants, Respondents.

Supreme Court, Appellate Term, First Department, December 24, 1926.

Summary proceedings to dispossess — violation of terms of lease — evidence by landlord showed illegal acts were authorized by partner in business of undertenants — negative testimony of witness insufficient to rebut landlord's prima facie case — final order in favor of landlord granted.

In summary proceedings to dispossess for violation of the terms of a lease, the plaintiff made out a *prima facie* case showing that the illegal acts were authorized by a partner in the business of the undertenants; the mere negative testimony of a witness was insufficient to rebut the landlord's case, particularly where the person authorizing the acts was not called to deny the testimony of the landlord's witness and there was no proof to show that he was unavailable.

Final order in favor of the tenant reversed and final order in favor of the landlord granted.

LEVY, J., dissents, in part, with memorandum.

APPEAL by landlord from final order of the Municipal Court, Borough of Manhattan, Third District, in favor of the tenant and undertenants.

*Copal Mintz*, for the landlord, appellant.

*Maxwell H. Cheeger*, for the tenant, respondent.

*James A. Turley*, for the undertenants, respondents.

PER CURIAM. The court's finding that there was no violation cannot be sustained. The person who, according to the landlord's evidence, authorized the illegal acts, was concededly a partner in the business of the undertenants. He was not called to deny the testimony of the landlord's witness and there was no proof to show that he was unavailable. In these circumstances the mere negative testimony of the witness called was insufficient to rebut the landlord's *prima facie* case, especially as the manner of conducting the business did not preclude a sale of which he might have no direct knowledge.

Final order reversed, with thirty dollars costs, and final order awarded the landlord for the possession of the premises described in the petition, with costs.

Present — BIJUR, O'MALLEY and LEVY, JJ.

LEVY, J. (dissenting). I am in complete agreement with the majority that the final order should be reversed, but I do not agree that here we may grant the landlord the final order. The *per curiam* carries criticism of the tenant for failure to call as a witness the person who authorized the illegal acts, so called. Should not the tenant have this opportunity upon a new trial? I think he should.